UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DAVID MICHAEL BEST    PLAINTIFF

v.    CIVIL ACTION NO. 3:07-CV-227-S

WEST POINT BANK    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, West Point Bank (the "Bank" or "West Point Bank") for summary judgment (DN 27), and the motion of the plaintiff, David Michael Best ("Best") to file a second amended complaint and join a party defendant (DN 33).  At all relevant times, Best was a West Point Bank customer, having obtained numerous loans from the Bank.  For the reasons stated herein, the motion for summary judgment will be granted and the motion to file a second amended complaint and join a party defendant will be denied.[1]

### I. Motion for Summary Judgment

Best filed this action against the Bank on April 26, 2007.  Best's initial complaint contained federal claims under the Truth in Lending Act, 15 U.S.C. § 1600 *et seq.,* as well as numerous state law claims.  This court dismissed Best's Truth in Lending Act claims on the basis that the claims were filed outside the limitation period set forth in 15 U.S.C. § 1640(e) (DN 16).  Prior to the dismissal of those claims, Best filed his first amended complaint asserting claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, *et seq.,* as well as numerous state law claims.  Best alleges that the Bank provided incorrect loan status and payment information to credit reporting agencies with respect to the

---

[1] West Point Bank has also filed a motion for leave to file sur-reply in further response to Best's motion to file second amended complaint and join a party defendant (DN 38).  This motion will be granted.

loans made to him by the Bank. Best alleges that this conduct violates 15 U.S.C. § 1681s-2. The Bank has moved for summary judgment as to this claim.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

The FCRA imposes requirements on three types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies. *See Stafford v. Cross County Bank*, 262 F.Supp.2d 776, 782 (W.D.Ky.2003). Insomuch as Best alleges that the Bank violated 15 U.S.C. § 1681s-2 by providing false loan status and payment information to consumer reporting agencies, Best seeks to impose liability on the Bank as a furnisher of information. The Bank has proffered to the court a declaration by its president. Tammy M. Kloeppel, which states that the Bank does not report information regarding the accounts of its consumers to any consumer reporting companies. The declaration states that such function is performed by the Bank's holding company, First Breckinridge Bancshares, Inc. ("First Breckinridge").

In response, Bests argues that the Bank's motion is premature in that he has not yet had an opportunity to take "full discovery." Best has filed an affidavit pursuant to Fed.R.Civ.P 65(f) but has not specified what material facts he hopes to uncover if he were granted additional time for discovery. As such, Best's affidavit is insufficient to preclude summary judgment. *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 489 (6th Cir. 2000). Accordingly, because the Bank did not report Best's

information to any consumer reporting agency, the court will grant the Bank's motion for summary judgment and dismiss the FCRA claims filed against it.[2]

Moreover, even if the Bank was a furnisher of information, and even if the Bank provided false loan status and payment information regarding Best's loans to consumer reporting agencies, the Bank would still be entitled to summary judgment. As it relates to furnishers of information, the FCRA sets forth two general requirements: (1) the duty to provide accurate information, 15 U.S.C. § 1681s-2(a), and; (2) the duty to investigate the accuracy of reported information upon receiving notice of a dispute, 15 U.S.C. § 1681s-2(b). No private right of action exists for violations of § 1681s-2(a). *See Stafford,* 262 F.Supp.2d at 782-83. Accordingly, even if the Bank had provided false or inaccurate information regarding Best's loans to a consumer reporting agency, Best could not bring suit against the Bank for such conduct.

There is no bar, however, to private causes of action under § 1681s-2(b) for a furnisher's failure to conduct a reasonable investigation after receiving notice of a dispute. *Id.* at 783. This right of action exists only if the furnisher fails to comply with investigation procedures after receiving notice of a dispute from a consumer reporting agency. *Id.* at 784. Best has not alleged that any consumer reporting agency notified the Bank that Best disputed information regarding his loans. Accordingly, Best's complaint fails to even state a claim for violation of § 1681s-2(b). *See Downs v. Clayton Homes, Inc.,* 88 Fed.Appx. 851, 853-54 (6th Cir. 2004) (finding that because plaintiffs did not allege that they had

---

[2] Although Kloeppel's declaration attached to the Bank's motion for summary judgment states that First Breckinridge was the entity responsible for reporting information to consumer reporting agencies, Kloeppel later filed an amended declaration stating that First Breckinridge was, in fact, not responsible for providing such information. In her amended declaration, Kloeppel stated that First State Bank of Irvington is the entity responsible for reporting information related to the Bank's accounts and that her previous declaration was in error. First State Bank of Irvington, like the Bank, is a subsidiary wholly-owned and controlled by First Breckinridge. Regardless of whether First Breckinridge, or First State Bank of Irvington, is the entity responsible for providing information regarding the Bank's customers to consumer reporting agencies, it is clear from Kloeppel's declarations that the Bank does not perform this function. Accordingly, the fact that Kloeppel initially incorrectly identified First Breckinridge is not relevant to our conclusion that the Bank is not a furnisher of information, and, therefore, cannot be liable under § 1681s-2.

filed a dispute with a credit reporting agency, they had no claim under the FCRA). Therefore, even if the Bank furnished false or inaccurate information regarding Best's loans to consumer reporting agencies, Best has failed to state a claim for relief under the FCRA and the Bank would be entitled to summary judgment.

## II. Motion to File a Second Amended Complaint and Join a Party Defendant

In his proposed second amended complaint, Best seeks to add First Breckinridge as a defendant in the action. Best seeks to add FCRA claims against First Breckinridge. Best also seeks to add claims against both the Bank and First Breckinridge under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.* The Bank opposes Best's motion on the basis that Best's proposed amendments would be futile.[3]

A proposed amendment to a complaint will not be allowed if the complaint as amended would be futile. *See Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458 (6th Cir. 2001). A proposed amended complaint is futile if it cannot withstand a motion to dismiss under Fed.R.Civ.P 12(b)(6). *Sinay v. Lamson & Sessions Co.* 948 F.2d 1037 (6th Cir. 1991). In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe the complaint in the light most

---

[3]Best argues that he has sought to assert claims against First Breckinridge on the basis of Kloeppel's declaration which identified First Breckinridge as the entity responsible for reporting the Bank's information to consumer reporting agencies. He argues that he did not become aware that Kloeppel's initial declaration incorrectly identified First Breckinridge, and that he did not become aware that First State Bank of Irvington is the entity responsible for reporting the Bank's information to consumer reporting agencies until after the deadline to amend the complaint and to join a party defendant fixed by the court had expired. Best requests additional time to amend his complaint and to join a party defendant. In light of the fact that Best merely seeks to substitute First State Bank of Irvington for First Breckinridge, the court will read all references to "First Breckinridge" in Best's proposed second amended complaint as "First State Bank of Irvington." Accordingly, the court need not allow Best any additional time to amend his complaint and join a party defendant.

Best also requests that this court inquire as to whether Kloeppel committed perjury and mail or wire fraud by submitting her initial incorrect declaration. Best suggests this court should determine whether a criminal contempt citation is appropriate, or whether this matter should be referred to the United States Attorney for investigation. Insomuch as Kloeppel and the Bank have disclosed that the initial declaration was incorrect and disclosed the identity of the entity responsible for reporting information regarding the Bank's accounts, the court hardly thinks this matter warrants the consequences suggested by Best.

favorable to the plaintiff and accept all of the complaints factual allegations as true. *Ricco v. Potter*, 377 F.3d 599, 603 (6th Cir. 2004). The court must determine whether the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

**A. Proposed FCRA Claims**

As discussed, because the Bank did not provide information regarding Best's accounts to any credit reporting agencies Best's FCRA claim against the Bank must be dismissed. However, even if the court were to assume that the Bank did provide such information, Best's proposed second amended complaint fails to allege that any consumer reporting agency notified the Bank that Best disputed information regarding his loans. In his complaint, Best alleges only that "the [Bank] consistently and repeatedly provided incorrect loan status or payment information to various Credit Reporting Agencies." Best has no private right of action under the FCRA based on this allegation. *See* 15 U.S.C. § 1681s-2(a); *Stafford*, F.Supp.2d at 782-83. Accordingly, Best has failed to state a claim against the Bank for a violation of the FCRA.

Best's proposed second amended complaint also alleges that "[First State Bank of Irvington] consistently and repeatedly provided incorrect loan status or payment information to various Credit Reporting Agencies." Again, Best has no private right of action under the FCRA based on this allegation. *See* 15 U.S.C. § 1681s-2(a); *Stafford*, F.Supp.2d at 782-83. Accordingly, Best's proposed second amended complaint fails to state a valid FCRA claim against First State Bank of Irvington.

**B. Proposed RICO Claims**

In his proposed second amended complaint, Best has included RICO claims against both the Bank and First State Bank of Irvington for violation of 18 U.S.C. §§ 1962(a), (b), and (d). Essentially, Best alleges that the Bank and First State Bank of Irvington engaged in mail and wire fraud by: (1)

mailing a letter to him informing him that he had defaulted on his car loan and that his car had been repossessed; (2) placing notices for the sale of the car in a local newspaper; (3) mailing one or more statements to him indicating late payment fees; and (4) transmitting allegedly inaccurate credit information regarding his loans to a credit reporting agency. Best claims that these alleged acts of mail and wire fraud constitute a pattern of racketeering activity and were committed in furtherance of a scheme or artifice to defraud him. Best claims that the alleged scheme or artifice perpetrated by the Bank and First State Bank of Irvington caused him a financial loss in that they received unwarranted fees and charges related to his loans from him, and repossessed and auctioned his automobile, even though Best was current with his loan payments.

Best's proposed second amended complaint falls far short of alleging a viable RICO claim. To state a valid RICO claim, a plaintiff must allege an "enterprise" that is distinct from the defendant persons. *See Begala v. PNC Bank, Ohio, National Association,*, 214 F.3d 776, 781 (6th Cir. 2000). A corporation may not be liable under RICO for participating in the affairs of an enterprise that consists only of its own subdivisions, agents, or members. *Id.* An organization cannot join with its own members to undertake regular corporate activity and thereby become an enterprise distinct from itself. *Id.* Best has failed to allege an enterprise distinct from the Bank and First State Bank of Irvington. In addition, it is clear from the proposed second amended complaint that First State Bank of Irvington was acting as the Bank's agent in reporting information regarding the Bank's customers to the credit reporting agencies. The Bank, therefore, cannot be liable under RICO for conducting an enterprise consisting of itself and its agent.

Insomuch as Best's proposed second amended complaint fails to state a claim upon which relief can be granted, the proposed amended complaint would be futile. Accordingly, the court will deny Best's motion to file a second amended complaint and join a party defendant.

### III.  State Law Claims

Because the court will dismiss Best's FCRA claims against the Bank pursuant to the Bank's motion for summary judgment, and because the court will deny Best's motion to file a second amended complaint and join a party defendant, no federal claims will remain pending in this action.  The court will decline to exercise supplemental jurisdiction over the state law claims alleged by Best in his first amended complaint, and will, therefore, dismiss those state law claims without prejudice.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

For the reasons stated herein, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that:

(1) The motion of the defendant, West Point Bank, for summary judgment (DN 27) is **GRANTED** and the plaintiff's Fair Credit Reporting Act claims against West Point Bank are **DISMISSED WITH PREJUDICE.**

(2) The motion of the plaintiff, David Michael Best to file a second amended complaint and join a party defendant (DN 33) is **DENIED**.

(3) The Plaintiffs' state law claims are **DISMISSED** without prejudice.

(4) The motion of the defendant, West Point Bank, for leave to file sur-reply (DN 38) is **GRANTED**.

**IT IS SO ORDERED** this